■ HASSAN SHABAZZ, Appellant, v SHELTERING ARMS CHILDREN'S SERVICE, INC., et al., Respondents, et al., Intervenor. [629 NYS2d 20] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered November 12, 1993, which denied plaintiff's motion for leave to serve a late notice of claim and to add the New York City Housing Authority as a defendant, unanimously reversed, on the law and the facts, without costs, and the motion granted. Appeal from order, same court and Justice, entered November 25, 1994, which denied plaintiff's motion to renew, unanimously dismissed as moot, without costs.

We find that plaintiff, an infant who was severely burned by hot water while living as a foster child in a building owned by the New York City Housing Authority, was improperly denied permission to serve a notice of claim four months after expiration of the 90-day period set forth in General Municipal Law § 50-e (1) (a).

In light of plaintiff's infancy, the fact that he was in foster care at the time of the incident, and the fact that his then foster mother was a named defendant in the within action and

therefore unavailable to plaintiff's attorneys until she was deposed, we find that plaintiff has offered a reasonable excuse for the confusion about the correct address of the incident.

Moreover, the Housing Authority had actual knowledge of the incident within the 90-day period due to its receipt of a police report two months after the incident. While the report said that child abuse was suspected in the scalding, it did not rule out the possibility that it had been caused, as subsequently claimed by plaintiff's former foster mother, by a faulty water temperature regulator.

Finally, the Housing Authority has not demonstrated that it would be prejudiced by the delay. Its allegation that certain relevant documentation has been lost is supported only by an attorney's affirmation that is based on hearsay. Furthermore, the mere fact that an employee who might have knowledge of the relevant circumstances had left the Authority's employ by the time plaintiff sought to serve the notice of claim is insufficient to show prejudice. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Tom, JJ.