Matter of Espinoza v Motor Veh. Acc. Indem. Corp. (2024 NY Slip Op 02589)

Matter of Espinoza v Motor Veh. Acc. Indem. Corp.

2024 NY Slip Op 02589

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 802084/23 Appeal No. 2242 Case No. 2023-04805 

[*1]In the Matter of Armando Espinoza, Petitioner-Respondent,
v
The Motor Vehicle Accident Indemnification Corporation, Respondent-Appellant.

Kornfeld, Rew, Newman & Simeone, Suffern (Scott A. Dow of counsel), for appellant.
Lesch & Lesch, P.C., Bronx (Beth S. Gereg of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered April 19, 2023, which granted petitioner's motion under Insurance Law § 5218 for leave to commence an action against respondent Motor Vehicle Accident Indemnification Corporation (MVAIC), unanimously affirmed, without costs.
Petitioner was involved in a hit-and-run accident on April 19, 2022. On June 13, 2022, he sent a letter to MVAIC requesting that his uninsured motorist claim be processed, attaching a police report and a no-fault application. On July 1, 2022, MVAIC sent petitioner a letter, acknowledging its receipt of notice that petitioner may have sustained injuries in the April 19 accident. After emails from MVAIC requesting various documents, petitioner sent MVAIC the requested documents, along with a formal notice of intention to make a claim, on August 26, 2022. However, MVAIC informed petitioner that the notice was untimely because a notice of intention must be submitted within 90 days of the accident — in this case, by July 18, 2022.
Supreme Court providently exercised its discretion in granting petitioner leave to commence an action against MVAIC. Although petitioner sent his notice of intention around five weeks after the expiration of the 90-day period under Insurance Law § 5208(a)(2)(A), the evidence demonstrated that MVAIC had actual knowledge of the essential facts constituting the claim and was not prejudiced by the delay (Insurance Law § 5208[b][2]; see Shabazz v Sheltering Arms Children's Serv., 216 AD2d 230, 231 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024